# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PETER MARIO GOICO, )
)
        Plaintiff, )
)
v. )   Case No.: 20-1026-EFM-KGG
)
STATE OFKANSAS and )
M.J. WILLOUGHBY *as representative of* )
*the Kansas Attorney General's Office*, )
)
        Defendants. )
_____)

## MEMORANDUM & ORDER ON MOTION TO STAY

Now before the Court is the Motion to Stay Discovery (Doc. 11) filed by Defendants. Having reviewed the submissions of the parties, Defendants' motion is **GRANTED** for the reasons set forth below.

## FACTUAL BACKGROUND

In the present action, Plaintiff, who is representing himself *pro se*, alleges that it was unconstitutional for the State of Kansas to pass HB 2244 into

> K.S.A. Supp. 21-5706, which allows people to possess CBD oil with small amounts of marijuana/THC. Since law enforcement has said they can only detect if there is any marijuana/THC not the amount, this law effectively allows addicts to have enough marijuana/THC to abuse through vaping. This marijuana/THC addict, not only harms him/herself with serious, sometimes fatal, lung infections (we have all probably heard about the

1

> epidemic), but in doing so, also contributes to the anti-vape hysteria which blocks consumers' (such as myself) access to vape products with restrictive prohibitive laws (i.e. President Trump recently decreed flavored vapes illegal and all vape products illegal until the FDA approves of them) and lawsuits against the industry. Many department store chains (Wal-Mart, Walgreens etc) have voluntarily stopped selling vape products for the stated reason of the lung infections. In effect, we are denied the ability to use the one stop smoking device (vaping) which actually works. Vape consumers, such as myself, are therefore infringed by this unconstitutional law.

(Doc. 1, at 3.)

Plaintiff also filed a motion for a preliminary injunction asking the District Court "to recognize my right to protect my access to these stop smoking devices from hysteria generated by an unconstitutional law." (Doc. 4, at 2.) Plaintiff continued that "[a]ll of this blocks my access to these products, and therefore threatens my health. All of these examples come from a law that allows the possession of dangerous THC/marijuana products." (*Id.*, at 3.)

This is the third lawsuit Plaintiff has filed on this issue – ***Goico v. State of Kansas***, 19-1055-JTM, ***Goico v. State of Kansas***, No. 19-3116, and ***Goico v. State of Kansas***, 19-1284-CM-GEB. In addition, Plaintiff has filed a lawsuit against federal defendants seeking to enjoin the recent partial federal ban on some vaping products. ***Goico v. United States Government, et al.***, 20- 01025-JWB-GEB.

In response to Plaintiff's Complaint in the present matter, Defendants filed a Motion to Dismiss wherein they argued in part that Plaintiff's case is barred by Eleventh Amendment immunity. (*See* Doc. 5.) That motion is currently pending before the District Court. Defendants bring the present motion "request[ing] an order staying all discovery in this case and other related Rule 26 proceedings, including the obligation to provide initial disclosures, prepare the Report of the Parties' Planning Meeting, and attend a scheduling conference, until the Court rules on State Defendants' Motion to Dismiss." (Doc. 11, at 1.)

## ANALYSIS

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." **Toney v. Harrod**, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing **Pet Milk Co. v. Ritter**, 323 F.2d 586, 588 (10th Cir. 1963); **McCoy v. U.S.**, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." **Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.**, 713 F.2d 1477, 1484 (10th Cir. 1983). Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion. **McCoy**, 2007 WL 2071770, at *2.

Even so, "a stay pending a ruling on a dispositive motion is appropriate where the case is likely to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome." *Toney*, 2018 WL 5830398, at *1. *See also* ***Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.***, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013); *see also* ***Kutilek v. Gannon***, 132 F.R.D. 296, 297–98 (D. Kan. 1990). Also, a stay is appropriate when the party requesting it has filed a dispositive motion asserting absolute or qualified immunity. *Id.*, at *2. Defendants' dispositive motion pending before the District Court argues that Plaintiffs' Complaint should be dismissed based on Defendants' sovereign immunity. (*See generally* Doc. 5.)

As stated by the United States Supreme Court in *Ashcroft v. Iqbal*, a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses. 556 U.S. 662, 686, 129 S.Ct. 1937, 1954, 173 L.Ed.2d 868 (2009). Defendants are correct that *Iqbal* "is very clear that under these circumstances, it is not appropriate to impose what some might regard as minimal burdens of litigation or even limited discovery. Immunity is immunity from liability as well as the burdens of litigation, including discovery." (Doc. 11, at 2 (citing *Iqbal*, 556 U.S. at 672 (internal citation omitted).) It is well established

that the immunity defense gives government officials "a right … to avoid the burdens of 'such pretrial matters as discovery … .'" ***Behrens v. Pelletier***, 516 U.S. 299, 308, 116 S.Ct. 834, 839, 133 L.Ed.2d 773 (1996) (internal citation omitted).

Plaintiff indicates he "partially agree[s] with opposing council's request to stay discovery; discovery should wait until the current pending motions (including my own motion for preliminary injunction) are resolved." (Doc. 19, at 1.) Plaintiff then uses the remainder of his response brief addressing his contention that defense counsel "is using this motion to represent old claims that are in dispute (if not flat out debunked). I, therefore, am using my allowed reply to remind the court of the nature of the disputes." (*Id.*) Plaintiff does not dispute – or even address – Defendants' contentions regarding sovereign immunity other than to state that "[t]he Eleventh Amendment was never intended to protect unconstitutional laws." (*Id.*)

It is well-established in this District that "when immunity is asserted by dispositive motion, a stay of discovery is appropriate pending a ruling on the immunity issue." ***Garrett's Worldwide Enterprises, LLC, et al. v. U.S.***, No. 14-2281-JTM, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014). While limited circumstances exist in which discovery may be permitted on narrowly tailored issues after an immunity is raised, the fact remains that "plaintiff bears the burden

5

of demonstrating 'how [such] discovery will raise a genuine fact issue as to defendant's … immunity claim.'" ***Martin v. County of Santa Fe***, 626 Fed. Appx. 736, 740 (10th Cir. 2015) (in the context of a qualified immunity defense) (quoting ***Cole v. Ruidoso Mun. Sch.***, 43 F. 3d 1373, 1387 (10th Cir. 1994)). Plaintiff's brief does not establish how discovery would relate to, or assist with the determination of, the issue of immunity. To the contrary, Plaintiff appears to be in agreement with the staying of discovery. (*See* Doc. 19, at 1.)

As such, Defendants' Motion to Stay (Doc. 14) is **GRANTED** until the District Court rules on Defendants' dispositive motion.[1] In reaching this determination, the Court makes no inference or findings as to the potential validity of Defendants' sovereign immunity defense.

**IT IS THEREFORE ORDERED** that the City Defendants' Motion to Stay (Doc. 11) is **GRANTED**.

IT IS SO ORDERED.

Dated this 30th day of March, 2020, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE

---

[1] This Order will stay discovery, but will not impact the resolution of the Motion for Preliminary Injunction currently pending before the District Court.