## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PETER MARIO GOICO,

*Plaintiff,*

vs.

Case No. 20-CV-01026-EFM-KGG

STATE OF KANSAS and M.J. WILLOUGHBY,

*Defendants.*

## MEMORANDUM AND ORDER

Pro se Plaintiff Peter Goico brings a claim for injunctive relief enjoining Defendants the State of Kansas and M.J. Willoughby, an official in the Kansas Attorney General Office, from enforcing K.S.A. § 21-5706.  After filing his Complaint, Goico then filed a Motion for Preliminary Injunction (Doc. 4).  Defendants filed a Motion to Dismiss with Memorandum in Support Incorporated (Doc. 5).  They contend that this Court lacks jurisdiction to hear this case, that Plaintiff lacks standing to bring suit against them on this issue, and that Plaintiff fails to state a claim upon which relief can be granted.  For the reasons stated in more detail below, the Court grants the motion.  Accordingly, the Court also denies Goico's Motion for a Preliminary Injunction.

## I.        Factual and Procedural Background[1]

Goico has suffered the effects of tobacco addiction and has taken steps to remove the damage of smoking from his life.  To that end, he uses vape products as a substitute for tobacco as a safer means of mitigating withdrawal.  However, vaping products can also be used to consume marijuana products with THC.  Goico argues that a backlash against laws relaxing restrictions on the use of marijuana and THC has caused an "anti-vape hysteria," which, Goico alleges, led the President of the United States to decree that flavored vaping products are illegal until they receive FDA approval.  This hysteria has led some businesses—"Wal-mart, Walgreens, etc."—to voluntarily stop carrying vaping products entirely, making it more difficult for him to access the vaping products he uses to avoid conventional smoking.  Goico alleges that this infringes upon some unidentified constitutional right.

Goico associates the proliferation of marijuana in society as a root cause of his reduced access to vape materials.  As a result, he seeks to put a stop to any state efforts to reduce or relax restrictions on marijuana or THC, including the recent amendment to K.S.A. § 21-5706.[2]  The new subsection (d) to the statute states, in brief, that medically prescribed users of cannabidiol ("CBD") may raise an affirmative defense against the general prohibition on possession of controlled substances.  In sum, Goico maintains that he has been damaged in the form of reduced access to vape products, and the state's relaxation on marijuana restrictions is responsible.

However, Defendants view Goico's claims differently.  They maintain that Goico has a history of attempting to curb any attempts at relaxing marijuana regulations, even before such

---

[1] The facts are taken from Goico's Complaint and are accepted as true for the purposes of this ruling.

[2] Technically, Goico is challenging House Bill 2244 which was not actually passed; however, the substance of that proposed amendment was still added to K.S.A. § 21-5706 as part of Senate No. 28.  The Court construes Plaintiff's Complaint to be challenging the substance of the amendment despite this technical glitch.

relaxations are put in place.  A previous suit by Goico was deemed frivolous and dismissed sua sponte when this Court determined that he was attempting to use the courts to shepherd the state legislature before it had even passed a reformed marijuana regulation.[3]  A later claim was dismissed for lack of jurisdiction under the Eleventh Amendment.[4]  Now Defendants maintain that there are three reasons to dismiss Goico's latest claim: the Court still lacks jurisdiction due to Eleventh Amendment immunity, Goico lacks standing to sue, and he fails to bring a claim for which relief can be granted.

## II.     Legal Standard

Under Rule 12(b) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim if the court lacks subject-matter jurisdiction[5] or if the complaint fails "to state a claim upon which relief can be granted."[6]  If a claim brought to the federal court is outside the Court's jurisdiction, the case cannot be heard, and the claim must be dismissed.  One of the tools used to determine judicial jurisdiction is the Constitution.  In particular, the Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[7]  The Supreme Court has determined that this Amendment also bars suit in federal court by citizens of a state against their own state or its agencies.[8]

---

[3] *Goico v. State of Kansas*, 2019 WL 2160812, at *2 (D. Kan. 2019), *aff'd,* 773 Fed. Appx. 1038, 1039–40 (10th Cir. 2019).

[4] *Goico v. Kansas*, 2020 WL 68375, at *1 (D. Kan. 2020).

[5] Fed. R. Civ. P. 12(b)(1).

[6] Fed. R. Civ. P. 12(b)(6).

[7] U.S. Const. amend. XI.

[8] *AMISUB (PSL), Inc. v. Colorado Dept. of Soc. Servs.,* 879 F.2d 789, 792 (10th Cir. 1989) (citing *Hans v.*

The only conditions under which a state may be sued in federal court are if the state expressly consents to being sued or if Congress expressly abrogates the state's immunity under the Eleventh Amendment.[9]

### III.    Analysis

**A.    The Court does not have jurisdiction over this case because Defendants are entitled to Eleventh Amendment immunity.**

The Court has previously ruled that Goico cannot bring this type of claim against Kansas on Eleventh Amendment grounds.[10]  The claim against the State is dismissed here for the same reason it was dismissed previously.  However, in this case Goico has added an additional defendant, M.J. Willoughby, an official with the Kansas Attorney General Office.  Goico argues that he can obtain injunctive relief against Willoughby under the *Ex parte Young* doctrine's exception to Eleventh Amendment immunity.  But for the following reasons, the Court holds that the state's Eleventh Amendment immunity extends to Willoughby as well.

As an employee of the state acting in the course of her duty to the state, Willoughby is generally entitled to the same Eleventh Amendment immunity as her state employer because the Attorney General's office is regarded as an arm of the state.[11]

Here, Goico does not allege that Willoughby has done anything outside of acting in her official capacity as a state employee for the duration of her interactions with him.  She acted as counsel for the state in his previous claim, but otherwise Goico does not allege that she has had any dealings with him.  As a result, the Eleventh Amendment immunity applies to her.

---

*Louisiana,* 134 U.S. 1, 10 (1890)).

[9] *Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir. 2002).

[10] *Goico*, 2020 WL 68375, at *1.

[11] *Steele v. Stephen*, 633 F.Supp. 950, 954 (D. Kan. 1986).

Goico attempts to invoke *Ex parte Young* to suggest that Willoughby is excepted from the state's immunity; however, that case is sufficiently distinguishable from this one to rule that the exception does not apply.[12]   *Ex parte Young* allows for injunctive actions to be brought against government officials acting to enforce an unconstitutional law on behalf of the government to prevent them from further enforcing the law.[13]   However, this injunctive relief can only be brought against officials who, in the course of their duty, actively enforce the law in question.[14]   A government employee that does not enforce the law is still entitled to immunity.  Here, Goico does not allege any facts that suggest that Willoughby was an enforcer of the law, merely that she is an employee of the state.  As for her involvement in Goico's claims, she had no particular role enforcing the law merely by representing the state in court.  Her role as a state employee had nothing to do with the substance of the case.

**B.    The Plaintiff lacks standing to sue the Defendants on this issue.**

Even if Eleventh Amendment immunity did not apply here, the Court still lacks jurisdiction because Goico does not have standing to sue the state and Willoughby.  Standing is used to determine if the proper parties are bringing the suit and having suit brought against them.  There are three constitutional standing requirements: (1) the plaintiff must have suffered or will imminently suffer a direct injury, (2) the plaintiff must show that the injury is fairly traceable to the defendant's conduct, not the conduct of a third party not before the Court, and (3) the plaintiff must show that a favorable federal court decision will likely redress the injury.[15]

---

[12] 209 U.S. 123 (1908).

[13] *Id.* at 155–56.

[14] *Id.*

[15] *U.S. v. Windsor*, 570 U.S. 744, 757 (2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61

1.      *Direct Injury*

The damage that Goico claims is reduced access to vape products.  While Goico alleges that the President's order limiting the flavors of vape products that can be sold and the locations at which they can be sold has generally reduced access to vape products, it has not eliminated them entirely.  Goico states that stores such as Wal-Mart and Walgreens have voluntarily stopped selling vape products in the wake of this order, but vape shops are still generally allowed to sell vape products in limited flavors.  Furthermore, Goico's claim is not truly based on President Trump's selective ban in the first place; it is based on the amendment to the state's controlled substance law.  Nothing in the text of this law addresses vape products, nor does its application at all relate to them. In fact, this addition to the law is only an affirmative defense that may be raised in criminal cases under select circumstances.  Its connection to Goico's alleged damages is tangential at best. His claim that increased access to CBD is responsible for the President's selective ban is highly attenuated.  As a result, even the claim that Goico has suffered justiciable damages is tenuous.

2.      *Injury Traceable to Defendant's Conduct*

Goico must demonstrate a connection between the actions of the Defendants and his injury, assuming it exists.  Here, Goico is suing the state and Willoughby for their alleged role in the injury he has sustained.  However, they are almost wholly unrelated to the damages he claims to have suffered.  The alleged connection between K.S.A. § 21-5706 and the reduced access to vape products is highly attenuated.  The actual application of this law, if enforced, does nothing by itself to limit access to vape products.  Only the intervening actions of a third party, here the President and his selective ban, caused vape products to become less widely available.  Therefore, the state's

_____

(1992)).

actions are not traceable to Goico's alleged injury. Furthermore, Goico has not alleged that Willoughby enforced this amended statute, nor has he alleged that she played any role in enforcing the selective vape product ban that seems to be the real cause of Goico's alleged injury. As a result, neither the state's nor Willoughby's conduct can be traced to Goico's alleged injury.

       3.     *Favorable Decision Will Redress the Injury*

Finally, Goico must demonstrate that a favorable decision from this Court would redress the injury he has sustained. Here, there is very little the Court could to do mitigate Goico's reduced access to vape products, as the state legislature has in fact done nothing to reduce this access in the first place. It appears that the only means Goico has of mitigating this damage is to challenge the President's selective ban; however, no judgment the Court could render in this case would help him achieve that end. Even if his request for injunction was granted and the statute's amendment were struck down, it would do nothing to increase his access to vape products. Consequently, Goico fails to meet all three elements of standing. Goico has failed to demonstrate that he has suffered or will suffer direct injury, that the Defendants are responsible for this injury, and that a judgment from this Court could redress this injury.

In sum, the Court grants Defendant's Motion to Dismiss because Defendants are entitled to Eleventh Amendment immunity and Goico lacks standing. It is therefore unnecessary for the Court to analyze Defendants' argument that Geico has failed to state a claim upon which relief can be granted. Based on this ruling, the Court also denies Goico's Motion for a Preliminary Injunction.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 4) is **DENIED.**

**IT IS SO ORDERED.**

This case is now closed.

Dated this 5th day of June, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE