IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETER MARIO GOICO,

    *Plaintiff,*

vs.

STATE OF KANSAS and M.J. WILLOUGHBY,

    *Defendant.*

Case No. 20-CV-01026-EFM-KGG

## MEMORANDUM AND ORDER

Pro se Plaintiff Peter Goico brings a claim for injunctive relief enjoining Defendants the State of Kansas and M.J. Willoughby, an official in the Kansas Attorney General Office, from enforcing K.S.A. § 21-5706. After this Court dismissed Goico's Complaint, Goico has filed a Motion for Leave to File Motion to Reconsider (Doc. 23).[1] For the reasons stated in more detail below, the Court denies the motion.

---

[1] Because a Motion to Reconsider can be filed without first moving for leave to file, the Court construes this motion as a Motion to Reconsider and orders on it accordingly.

## I.     Factual and Procedural Background[2]

The Court has examined the facts alleged in Goico's Complaint in past orders. Because the Memorandum and Order[3] dismissing this case has a more complete summary of the alleged facts, the Court will not reiterate them here.

The Court granted the Defendants' Motion to Dismiss because the Defendants were entitled to Eleventh Amendment immunity and Goico lacked standing to sue. Now Goico brings a Motion to Reconsider, alleging that his Complaint was misconstrued by this Court. He alleges that President Trump has issued an executive order banning *all* vape products until they gain FDA approval, though he admits "that portion of the order is not being enforced."[4] He also alleges that he named Governor Laura Kelly as a defendant in his original Complaint and the Court failed to notice that. Finally, he alleges that because Governor Kelly did not respond in any way to his alleged service of process to her, he is entitled to default judgment against Governor Kelly. He brings no new and pertinent facts or developments in law for the Court to consider.

This motion comes before the Court seemingly pushing for two different things. In part, as the title indicates, Goico wishes the Court to reconsider its ruling in light of errors he believes the Court made in its judgment. However, it additionally includes a section entitled "Amending the complaint," suggesting that Goico would also like to request leave to amend his Complaint. As a result, this order will address both the Motion to Reconsider and the implied Motion to Amend Complaint within.

---

[2] The facts are taken from Goico's Complaint and are accepted as true for the purposes of this ruling.

[3] Doc. 21, at 2–3.

[4] Doc. 23, at 1.

## II.     Legal Standard

**A.     Motion to Reconsider**

The Court has discretion whether to grant a motion to reconsider.[5] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[6] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[7] A motion for reconsideration under Rule 59(e) "gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[8] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[9] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[10] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[11]

---

[5] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[6] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[7] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation, alterations, and internal quotation marks omitted).

[8] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).

[9] *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[10] *Voelkel*, 846 F. Supp. at 1483.

[11] *See Van Skiver*, 952 F.2d at 1243.

The criteria for a motion to reconsider under Rule 60 is narrowly and strictly applied. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.[12] On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[13]

**B.     Motion to Amend Complaint**

Under Federal Rule of Civil Procedure 15, parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier.[14] Other amendments before trial are allowed "only with the opposing party's written

---

[12] Fed. R. Civ. P. 60(a).

[13] Fed. R. Civ. P. 60(b).

[14] Fed. R. Civ. P. 15(a)(1).

consent or the court's leave."[15] Courts "should freely give leave when justice so requires."[16] Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' "[17] Courts, however, may deny leave to amend based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.[18] Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court.[19]

### III.   Analysis

The Court will neither grant the Motion to Reconsider nor the implied Motion to Amend Complaint contained therein.

The first question is whether the Court erred in finding that Governor Kelly was not a named defendant in Goico's Complaint. Goico directs the Court to "see civil complaint I. B."[20] On examination of paragraph I. B. of Goico's Complaint, the line reads "Defendant State of Kansas led by Governor Laura Kelly."[21] The Defendant named here in this line is not, as Goico insists, Governor Kelly, but the state of Kansas. Here he uses the phrase "led by Governor Laura Kelly"

---

[15] Fed. R. Civ. P. 15(a)(2).

[16] *Id.; accord Foman v. Davis,* 371 U.S. 178, 182 (1962).

[17] *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

[18] *Foman,* 371 U.S. at 182; *Wilkerson v. Shinseki,* 606 F.3d 1256, 1268 (10th Cir. 2010); *Minter,* 451 F.3d at 1204.

[19] *Foman*, 371 U.S. at 182.

[20] Doc. 23, at 2.

[21] Doc. 1, at 1.

as a superfluous adjective phrase modifying the named Defendant: the state of Kansas. If he intended to sue the state, the governor, and M.J. Willoughby, he should have included the governor in paragraph I. C. with Willoughby as a second additional defendant. As it is, the Court stands by its finding that Governor Kelly was never a party to this case. Accordingly, she cannot be subject to any default judgment. Additionally, any considerations of Goico's proposed Rule 60(b)(3) claim are denied. The Defendants did not "distract"[22] the Court from addressing Goico's alleged claim against Governor Kelly; the claim against Governor Kelly never existed in the first place.

The Court also notes that updated analogies to the nation's ongoing response to the COVID-19 pandemic are not sufficiently related to this claim to be considered "newly discovered evidence" for the purposes of Rule 60(b)(2). As applicable as such analogies may or may not be to the type of issue at hand, they are not material to the facts of this case in any way and will not be considered as such. No other new developments in law or in fact are cited, so the motion fails to meet the requirements of Rule 60(b)(2).

A motion under Rule 59(e) to alter or amend the judgment will also not be granted. In considering the Complaint in light of the material Goico brings with his Motion to Reconsider, the Court finds there was no manifest error in law or fact in its previous judgment. The material in the Motion to Reconsider is not material evidence that requires that the Court alter or amend its judgment. That judgment will stand as it is.

In considering the implied Motion to Amend Complaint, the Court concludes that adding Governor Kelly as a defendant would not remedy the standing issue.[23] Thus, even under Goico's

---

[22] Doc. 23, at 2.

[23] *See* Doc. 21, at 5–7.

Case 6:20-cv-01026-EFM-KGG   Document 24   Filed 06/18/20   Page 7 of 7

-7-

proposed amended complaint, this Court would still not have jurisdiction over this claim. Accordingly, the proposed amendment is denied by reason of futility.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Motion to Reconsider (Doc. 23) is **DENIED.**

**IT IS SO ORDERED.**

This case remains closed.

Dated this 18th day of June, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE